## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MARY ANN MULLANEY, derivatively on behalf of BIOGEN INC., | : : : | Civil Action No. 1:17-cv-0042-RGA |

MARY ANN MULLANEY, derivatively on behalf of BIOGEN INC.,

                      Plaintiff,

v.

GEORGE A. SCANGOS, PAUL J. CLANCY, STUART A. KINGSLEY, STELIOS PAPADOPOULOS, ALEXANDER J. DENNER, CAROLINE D. DORSA, NANCY L. LEAMING, RICHARD C. MULLIGAN, ROBERT W. PANGIA, BRIAN POSNER, ERIC K. ROWINSKY, LYNN SCHENK and STEPHEN A. SHERWIN,

                      Defendants,

and

BIOGEN INC.,

                Nominal Defendant.

Civil Action No. 1:17-cv-0042-RGA

## STIPULATION AND JOINT MOTION FOR STAY OF LITIGATION AND RELATED MATTERS

Plaintiff Mary Ann Mullaney ("Plaintiff"), Nominal Defendant Biogen Inc. ("Biogen"), and Individual Defendants George A. Scangos, Paul J. Clancy, Stuart A. Kingsley, Stelios Papadopoulos, Alexander J. Denner, Caroline D. Dorsa, Nancy L. Leaming, Richard C. Mulligan, Robert W. Pangia, Brian Posner, Eric K. Rowinsky, Lynn Schenk, and Stephen A. Sherwin (collectively, the "Individual Defendants," and together with Plaintiff and Biogen, the "Parties") hereby stipulate and move the Court for an order staying the above-styled litigation. In support of such Motion, the parties show the following:

1. The above-styled case was filed by Plaintiff on or about January 13, 2017, alleging state law claims against all Individual Defendants for breach of fiduciary duty and unjust enrichment and a claim under Section 14(A) of the Securities Exchange Act of 1934. (the "Derivative Action").

2. The Derivative Action is substantially related to the shareholder securities class action pending in the U.S. District Court for the District of Massachusetts captioned: *Metzler Asset Management GMBH, et al. v. Kingsley, et al.*, Civil Action No. 16-12101-FDS (the "Related Securities Action").

3. In the interest of judicial economy, the parties in the Derivative Action have agreed that all proceedings and deadlines in the Derivative Action should be stayed pending resolution of the Related Securities Action, whether by dismissal with prejudice or entry of final judgement.

4. The Parties shall meet and confer within 30 days of the resolution of the Related Securities Action regarding next steps in the Derivative Action and submit a joint status report to the Court thereafter.

5. If discovery proceeds in the Related Securities Action, Biogen, and/or the Individual Defendants shall make available to Plaintiff, subject to entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all documents and written responses to discovery requests produced to the Related Securities Action plaintiffs in the form and manner in which such documents are produced to the Related Securities Action plaintiffs; (ii) all written agreements regarding the scope of discovery to be produced by the defendants in the Related Securities Action; and (iii) all deposition transcripts in the Related

2

Securities Action.  This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery.  Biogen and/or the Individual Defendants will provide the materials set forth in this paragraph to Plaintiff within thirty (30) days of providing them to the Related Securities Action plaintiffs in the case of (i) and (ii) and within thirty (30) days of receiving the final transcript in the case of (iii).

6.    Further, in the event that a mediation is held in an effort to settle the Related Securities Action, counsel for Biogen and/or the Individual Defendants shall provide Plaintiff's counsel with reasonable notice of said mediation.

7.    Counsel for Biogen and/or the Individual Defendants will notify Plaintiff's counsel if any other shareholder derivative proceedings are initiated on behalf of Biogen based on the same set of facts alleged in the Derivative Action.

8.    Notwithstanding the stipulated stay, Plaintiff shall be permitted to file an amended complaint during the pendency of the stay.  Biogen and the Individual Defendants shall be under no obligation to respond to any compliant while the stay is in effect.

9.    Subject to applicable federal or local rules, any party shall have the right to move this Court to lift the stay of this action so long as such party provides at least thirty (30) days' written notice to the other parties prior to filing such a motion.

10.    By entering into this stay, the Parties do not waive any (and expressly preserve all) claims and defenses, including but not limited to all defenses under Rules 12 and 23.1 of the Federal Rules of Civil Procedure.

For the foregoing reasons, the parties respectfully request that the Court stay this litigation and all proceedings and deadlines pending resolution of the Related Securities Action, whether by dismissal with prejudice or entry of final judgment.

This 12th day of June, 2017.

| | |
|---|---|
| */s/ Brian D. Long*_____ | */s/ Joseph O. Larkin*_____ |
| Seth D. Rigrodsky (ID No. 3147) | Joseph O. Larkin (ID No. 4883) |
| sdr@rigrodskylong.com | SKADDEN, ARPS, SLATE, |
| Brian D. Long (ID No. 4347) |    MEAGHER & FLOM LLP |
| bdl@rigrodskylong.com | 920 N. King Street |
| Gina M. Serra (ID No. 5387) | P.O. Box 636 |
| gs@rigrodskylong.com | Wilmington, Delaware 19899-0636 |
| Jeremy J. Riley (ID No. 5791) | (302) 651-3000 |
| jjr@ridrodskylong.com | joseph.larkin@skadden.com |
| RIGRODSKY & LONG, P.A. | |
| 2 Righter Parkway, Suite 120 | |
| Wilmington, DE 19803 | James R. Carroll |
| Telephone: 302-295-5310 | james.carroll@skadden.com |
| | Michael S. Hines |
| Joseph M. Profy | michael.hines@skadden.com |
| profy@prolawpa.com | SKADDEN, ARPS, SLATE, |
| David M. Promisloff |    MEAGHER & FLOM LLP |
| david@prolawpa.com | 500 Boylston Street |
| Jeffrey J. Ciarlanto | Boston, Massachusetts 02116-3740 |
| ciarlanto@prolawpa.com | (617) 573-4800 |
| PROFY PROMISLOFF & | |
| CIARLANTO, P.C. | **Counsel for Biogen Inc. and the** |
| 100 N 22nd Street, Unit 105 | **Individual Defendants** |
| Philadelphia, PA 19103 | |
| Telephone: 215-259-5156 | |

**Counsel for Plaintiff**

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| MARY ANN MULLANEY, derivatively on behalf of BIOGEN INC, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE A. SCANGOS, PAUL J. CLANCY, STUART A. KINGSLEY, STELIOS PAPADOPOULOS, ALEXANDER J. DENNER, CAROLINE D. DORSA, NANCY L. LEAMING, RICHARD C. MULLIGAN, ROBERT W. PANGIA, BRIAN POSNER, ERIC K. ROWINSKY, LYNN SCHENK and STEPHEN A. SHERWIN, <br><br> Defendants, <br><br> and <br><br> BIOGEN INC., <br><br> Nominal Defendant. | Civil Action No. 1:17-cv-0042-RGA |

## [PROPOSED] ORDER

Upon consideration of the *Stipulation and Joint Motion For Stay of Litigation and Related Matters*, it is HEREBY ORDERED as follows:

1. All proceedings and deadlines in the above-styled action (the "Derivative Action") are hereby stayed pending resolution of the Related Securities Action, whether by dismissal with prejudice or final judgment.

2. The Parties shall meet and confer within 30 days of the resolution of the Related Securities Action regarding next steps in the Derivative Action and submit a joint status report to the Court thereafter.

3. If discovery proceeds in the Related Securities Action, Biogen and/or the Individual Defendants shall make available to Plaintiff, subject to entry of an appropriate protective order:  (i) copies of all documents and written responses to discovery requests produced to the Related Securities Action plaintiffs in the form and manner in which such documents are produced to the Related Securities Action plaintiffs; (ii) all written agreements regarding the scope of discovery to be produced by defendants in the Related Securities Action; and (iii) all deposition transcripts in the Related Securities Action.  This is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery.  Defendants will provide the materials set forth in this paragraph to Plaintiff within thirty (30) days of providing them to the Related Securities Action plaintiffs in the case of (i) and (ii) and within thirty (30) days of receiving the final transcript in the case of (iii).

4. Further, in the event that a mediation is held in an effort to settle the Related Securities Action, counsel for Biogen and/or the Individual Defendants shall provide Plaintiff's counsel with reasonable notice of said mediation.

5. Counsel for Biogen and/or the Individual Defendants will notify Plaintiff's counsel if any other shareholder derivative proceedings are initiated on behalf of Biogen based on the same set of facts alleged in the Derivative Action.

6. Notwithstanding the stipulated stay, Plaintiff shall be permitted to file an amended complaint during the pendency of the stay.  Biogen and/or the Individual Defendants shall be under no obligation to respond to any compliant while the stay is in effect.

7. Subject to applicable federal or local rules, any party shall have the right to move this Court to lift the stay of the Derivative Action so long as such party provides at least thirty (30) days' written notice to the other parties prior to filing such a motion.

8. By entering into this stay, the Parties do not waive any claims and defenses, including but not limited to all defenses under Rules 12 and 23.1 of the Federal Rules of Civil Procedure.

_____
HON. RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE